UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 20-104-DCR |
| ) | |
| V. ) | |
| ) | |
| CHRISTOPHER JAWAAN ) | **MEMORANDUM ORDER** |
| BELLAMY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Christopher Bellamy pleaded guilty on April 23, 2021, to possessing with intent to distribute a substance containing cocaine (Count 5) and possessing a firearm after being convicted of a felony offense (Count 6).  [Record No. 21]  On August 16, 2021, he was sentenced to 50 months' incarceration.[1]  [Record No. 29]  Bellamy recently filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.  [Record No. 38]  The motion will be denied because the recent amendment provides no basis to reduce Bellamy's sentence.

Amendment 821 (Part A) which became effective on November 1, 2023, now eliminates all "status points" for defendants with six or fewer criminal history points.  *See* U.S.S.G. Amend. 821, eff. Nov. 1, 2023.  And for defendants like Bellamy who have a subtotal criminal history score of seven or more points, status points are reduced from two to one.

---

[1] Bellamy was sentenced to 50 months on each of Counts 5 and 6, to be served concurrently.  The sentence imposed by this Court was ordered to run consecutively to any term of imprisonment imposed in Fayette County Circuit Court, Docket Nos. 11-CR-1316, 12-CR-1611, and 13-CR-436.

While Amendment 821 may apply retroactively to reduce the sentences of certain defendants who have already been sentenced, a reduction is not authorized where the amendment "does not have the effect of lowering the defendant's applicable guideline range." *United States v. Pembrook*, 609 F.3d 381 (6th Cir. 2010). That is the case here.

At the time of his sentencing hearing, Bellamy had 9 criminal history points which placed him in Criminal History Category IV. [PSR, ¶ 47]  Consistent with Amendment 821, Bellamy would be eligible for a reduction in status points from two to one—resulting in a recalculated 8 criminal history points.  However, 8 criminal history points still falls within Criminal History Category IV.  Because Bellamy's guideline calculation would not be affected by Amendment 821, he is not eligible for a sentence reduction.  Accordingly, it is hereby

**ORDERED** that Defendant Bellamy's motion for a sentence reduction based on Amendment 821 [Record No. 38] is **DENIED**.

Dated: January 12, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky